FILED

MAR 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL PESQUEIRA, | No. 09-56749 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-02955-SJO-E |
| v. | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; WILLIAM J. BRATTON, in his individual and official capacity; JAMES MCDONNELL, in his official and individual capacity; GEORGE GASCON, in his individual and official capacity; SHARON K. PAPA, in her individual and official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted March 9, 2011
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RYMER, CALLAHAN, and IKUTA, Circuit Judges.

Construing the disputed facts in the light most favorable to Paul Pesqueira, *see Eng v. Cooley*, 552 F.3d 1062, 1071–72 (9th Cir. 2009), and applying the five-part test for a First Amendment retaliation claim under 42 U.S.C. § 1983, *see Desrochers v. City of San Bernardino*, 572 F.3d 703, 708–09 (9th Cir. 2009), we hold that Pesqueira has failed to allege a cognizable retaliation claim under § 1983. *See Garcetti v. Ceballos*, 547 U.S. 410, 422–23 (2006). Pesqueira conceded that his responsibilities included supervising employees. He filed the complaint against Captain Ortega within the Los Angeles Police Department. And he signed the complaint as Captain Ortega's "Commanding Officer." Given these undisputed facts, we conclude that Pesqueira's complaint was made in his professional supervisory capacity as a Captain III at the Hollenbeck Division. *See Freitag v. Ayers*, 468 F.3d 528, 546 (9th Cir. 2006). Because there is no genuine issue of material fact as to whether Pesqueira was speaking as a private citizen, as is required for a § 1983 claim, *see Ceballos*, 547 U.S. at 422–23, the district court properly granted summary judgment to Appellees, *see Huppert v. City of Pittsburgh*, 574 F.3d 696, 698 (9th Cir. 2009).

Because we hold that Pesqueira has not alleged a violation of his First Amendment rights, we do not address his claims for *Monell* liability and

2

constructive discharge.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000).

**AFFIRMED.**